1   SCOTT N. SCHOOLS (SCBN 9990)
    United States Attorney
2
    BRIAN STRETCH (CABN 163973)
3   Chief, Criminal Division

4   DENISE MARIE BARTON (MABN 634052)
    Assistant United States Attorney
5
    IOANA PETROU (CABN 170834)
6   Assistant United States Attorney

7       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102
8       Telephone: (415) 436-7200
        Facsimile: (415) 436-7234
9       E-mail: denise.barton@usdoj.gov, ioana.petrou@usdoj.gov

10  Attorneys for Plaintiff

                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                      SAN FRANCISCO DIVISION
13

14  UNITED STATES OF AMERICA,          )   No. CR 07-0309 WHA
                                       )
15          Plaintiff,                 )   **UNITED STATES' PRETRIAL CONFERENCE**
                                       )   **STATEMENT**
16              v.                     )
                                       )   Pre-Trial Conference Date:   September 24, 2007
17                                     )   Time:                        2:00 p.m.
                                       )
18  JOSE JESUS MADRIGAL-DIAZ,          )   Trial Date:                  October 1, 2007
                                       )   Time:                        7:30 a.m.
19          Defendant.                 )
                                       )
20  _____ )

21          The UNITED STATES OF AMERICA, through its counsel Scott N. Schools, United States

22  Attorney, and Denise Marie Barton and Ioana Petrou, Assistant United States Attorneys, files this

23  Pretrial Conference Statement.

24                        I.  STATEMENT OF CASE

25      A.      PROCEDURAL HISTORY

26          On April 23, 2007, the defendant was charged by Complaint with Transportation of Aliens in

27  violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and Illegal Reentry After

28

1  Deportation in violation of Title 8, United States Code, Section 1326.  On May 17, 2007, a federal

2  grand jury returned a Indictment charging defendant with Illegal Reentry by an Alien After

3  Deportation, in violation of Title 8, United States Code, Section 1326. The  defendant was arraigned

4  on the Indictment and pled not guilty on May 24, 2007.[1/]

5

6      B.    TRIAL STATUS

7      Trial is currently scheduled for Monday, October 1, 2007 before the Honorable William H.

8  Alsup.  The estimated length of the trial is approximately two days.

9

10     C.    STATUS OF COUNSEL

11     The defendant is represented by appointed counsel, Jeffry Glenn.

12

13     D.    CUSTODY STATUS

14     The defendant has been in custody since his arrest.

15

16     E.    INTERPRETER

17     A Spanish interpreter will be needed at trial for the defendant.

18

19     F.    JURY WAIVER

20     The defendant has not waived trial by jury.

21

22     G.    STIPULATIONS

23     On September 19, 2007, the United States and the defendant discussed stipulations generally.

24  Counsel for Madrigal-Diaz orally advised that his client was not willing to enter into any

25  stipulations.

26  _____

27     [1/] The United States chose not to proceed against the defendant for a violation of Title 8, United States Code, Section

28  1324(a)(1)(A)(ii).

UNITED STATES' PRETRIAL CONFERENCE STATEMENT, CR 07-0309 WHA

1    The United States believes that some or all of the following stipulations would be well-

2  considered in this trial: as to the authenticity of documents; as to the fact that the defendant is a

3  national and citizen of Mexico and is not a citizen of the United States; the fact of and date the

4  defendant was "found in" the United States; the fact that the defendant voluntarily entered the United

5  States; and the fact that after the defendant entered the United States, he knew he was in the United

6  States and knowingly remained in the United States.

7

8    H.    DISCOVERY

9    The United States has complied and will continue to comply with its discovery obligations.

10  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), on August 30 and September 5, 2007,

11  the United States provided defense counsel with a copy of the curriculum vitae and reports of its

12  Expert Witness.  Thereafter,  on September 5, 2007, the United States filed a *Notice of Expert*

13  *Disclosure* with the Court.

14    The defendant has not provided any reciprocal discovery pursuant to Federal Rule of

15  Criminal Procedure 16(b).  In addition, the defendant has not given notice of an alibi defense or

16  other specialized as previously requested under Federal Rules of Criminal Procedure 12.1 (Alibi),

17  12.2 (Insanity Defense, Mental Examination), or 12.3 (Public Authority Defense).

18

19    II.  STATEMENT OF FACTS

20    On April 20, 2007, while effecting a traffic stop in Santa Rosa, California,  Sonoma County

21  Sheriff's Department Deputies encountered the defendant and several other Hispanic males in a

22  white cargo van.  The Deputies determined that certain passengers in the van, including seven

23  Mexican adult males and one Mexican juvenile male, some of whom were seated or lying down on

24  the floorboards in the back of the van, were illegal aliens.  Sonoma County Sheriff's Department

25  contacted Immigration and Customs Enforcement agents, who then became involved in the

26  investigation.

27

28

1    After he was taken into custody, the defendant waived his rights and agreed to speak with

2  Immigration and Customs Enforcement Agents.   In summary, he claimed that his true name was

3  Santiago Torrez-Peralez.  He admitted to being a citizen and national of Mexico and that he did not

4  have any legal right to be in the United States.  The defendant further admitted to having entered the

5  United States three months through in the mountains near Calexico, California.  He also claimed that

6  he had never been deported from the United States.

7    After the defendant's true identity was confirmed through fingerprint analysis, Immigration

8  and Customs Enforcement agents determined that the defendant had been deported or removed from

9  the United States seven times, beginning in December 1997 and thereafter once in 1998; twice in

10  1999; twice in 2001; and most recently, in August 2003.   Defendant's Alien File (A-File) contains

11  executed Warrants of Deportation / Removal from his prior deportations and removals.   In the

12  course of the defendant's prior encounters with the Immigration Customs Enforcement agency,

13  formerly the Immigration and Naturalization Service, the defendant made several written sworn

14  statements in which he admitted that he was a national and citizen of Mexico; was not a United

15  States citizen; had previously been deported or removed from the United States; and did not have

16  permission to reenter the United States.  Finally, Immigration and Customs Enforcement agents have

17  obtained a Certification of Non-Existence of Record confirming that the defendant has never applied

18  for permission to reenter the United States, under his name or any of his aliased, after his deportation

19  and removals.

20                                        III.  PERTINENT LAW

21                                          8 U.S.C. § 1326

22  The United States must prove beyond a reasonable doubt that:

23  (1)      The defendant is an alien;

24  (2)      The defendant was previously deported, excluded, or removed from the United States;

25  (3)      The defendant entered or was found in the United States; and

26   (4)      The defendant did not have permission from the United States Attorney General or the

27          Secretary for Homeland Security, to re-enter the United States

28

1

2                                    IV.  WITNESSES

3          The United States reserves the right to add, omit, substitute, or change the order of witnesses.

4  The United States may call the following witnesses during its case-in-chief.  Although the United

5  States has summarized the anticipated testimony of the listed witnesses, this summary should not be

6  construed as a limitation on the testimony that each witness may provide.

7

8  1.     Brian Ginn, Immigration and Customs Enforcement Special Agent.

9          Special Agent Ginn is the co-case agent and responded to Sonoma County on April 20, 2007,

10  the night that the defendant was first encountered in the United States.  He may be called to testify

11  about his investigation, statements made by the defendant, and foundational testimony as to the to

12  standard practice of immigration officials in preparing, completing, and signing a Warrant of

13  Deportation.  Absent a stipulation by defense, he may also testify as a Records Custodian for the

14  defendant's alien ("A-File").

15

16  2.     Jeffrey Rea, Immigration and Customs Enforcement Special Agent.

17         Special Agent Rea is the co-case agent and responded to Sonoma County on April 20, 2007,

18  the night that the defendant was first encountered in the United States.  He may be called to testify

19  about his investigation, statements made by the defendant, and foundational testimony as to the to

20  standard practice of immigration officials in preparing, completing, and signing a Warrant of

21  Deportation.  Absent a stipulation by defense, he may also testify as a Records Custodian for the

22  defendant's alien ("A-File").

23

24  3.     Dwayne Cook, Immigration and Customs Enforcement Special Agent.

25          Special Agent Cook was the first Immigration and Customs Enforcement agent contacted by

26  the Sonoma County Sheriff's Office responded to Sonoma County on April 20, 2007, the night that

27  the defendant was first encountered in the United States.

28

UNITED STATES' PRETRIAL CONFERENCE STATEMENT, CR 07-0309 WHA

4.      <u>Sonoma County Sheriff Deputy James Percy</u>.

Deputy Percy will testify as to the defendant being "found in" the Northern District of California on April 20, 2007 and any statements made by the defendant.

5.      <u>Sonoma County Sheriff Deputy Don Fletcher</u>.

Deputy Fletcher will testify as to the defendant being "found in" the Northern District of California on April 20, 2007 and any statements made by the defendant.

6.      <u>Juan C. Martinez, Immigration and Customs Enforcement Immigration Enforcement Agent</u>.

Enforcement Agent Martinez will testify as the taking of the defendant's fingerprint on the December 3, 1997 Warrant of Removal/Deportation and his witnessing the defendant's December 3, 1997 departure.

7.      <u>Ronald L. Caine, Customs and Border Patrol Border Patrol Agent</u>.

Agent Caine will testify about his interview of the defendant on December 19, 1997.  Agent Caine will testify that the defendant admitted that he was a citizen of Mexico, was born in Mexico, had previously been deported or removed from the United States, and had never applied to the Attorney General for permission to re-enter the United States.  Agent Caine will also testify about the Miranda warning given to the defendant before he made this statement.

8.      <u>J.W. Landers, ICE Special Agent (Retired)</u>.

Retired Special Agent Landers will testify about his interview of the defendant on June 30, 1999. Agent Landers will testify that the defendant admitted that he was a citizen of Mexico, was born in Mexico, had previously been deported or removed from the United States, and had never applied to the Attorney General for permission to re-enter the United States.  Agent Landers will also testify about the Miranda warning given to the defendant before he made this statement.

9.      <u>Jose R. Montes, Customs and Border Patrol Border Patrol Agent</u>.

Agent Montes will testify about his interview of the defendant on September 14, 1999. Agent Montes will testify that the defendant admitted that he was a citizen of Mexico, was born in Mexico, had previously been deported or removed from the United States, and had never applied to the Attorney General for permission to re-enter the United States.  Agent Montes  will also testify about the Miranda warning given to the defendant before he made this statement.

10.     <u>Daniel Ornelas</u>, Customs and Border Patrol Border Patrol Agent.

Agent Ornelas will testify about his interview of the defendant on December 23, 1999.  Agent Ornelas will testify that the defendant admitted that he was a citizen of Mexico, was born in Mexico, had previously been deported or removed from the United States, and had never applied to the Attorney General for permission to re-enter the United States.  Agent Ornelas will also testify about the Miranda warning given to the defendant before he made this statement.

11.  <u>  Deborah K. Pasterak, Immigration and Customs Enforcement Deportation Officer</u>.

Deportation Officer Pasternek will testify as the taking of the defendant's fingerprint on the December 16, 1999 Warrant of Removal/Deportation and her witnessing the defendant's December 17, 1999 departure.

12.     <u>Humberto Cardenas, Immigration and Customs Enforcement Immigration Enforcement Agent</u>.

Enforcement Agent Cardenas will testify as the taking of the defendant's fingerprint on the April 20, 2000 Warrant of Removal/Deportation and his witnessing the defendant's April 25, 2000 departure.

1    13.    <u>Bernardo Madrid, ICE Special Agent</u>.

2         Special Agent Madrid will testify about his interview of the defendant on February 27, 2001

3    Agent Madrid will testify that the defendant admitted that he was a citizen of Mexico, was born in

4    Mexico, had previously been deported or removed from the United States, and had never applied to

5    the Attorney General for permission to re-enter the United States.  Agent Madrid will also testify

6    about the Miranda warning given to the defendant before he made this statement.

7

8    14.    <u>Steven R. Munoz, Customs and Border Patrol Border Patrol Agent</u>.

9         Agent Munoz will testify about his interview of the defendant on August 8, 2001.  Agent

10   Munoz will testify that the defendant admitted that he was a citizen of Mexico, was born in Mexico,

11   had previously been deported or removed from the United States, and had never applied to the

12   Attorney General for permission to re-enter the United States.  Agent Munoz will also testify about

13   the Miranda warning given to the defendant before he made this statement.

14

15   15.    <u>Ronnie Dunkin, Immigration and Customs Enforcement Special Agent (Retired)</u>.

16        Retired Special Agent Dunkin will testify about his interview of the defendant on August 28,

17   2003.  Agent Dunkin will testify that the defendant admitted that he was a citizen of Mexico, was

18   born in Mexico, had previously been deported or removed from the United States, and had never

19   applied to the Attorney General for permission to re-enter the United States.  Agent Dunkin will also

20   testify about the Miranda warning given to the defendant before he made this statement.

21

22   16.    <u>David M. Cortes, Immigration and Customs Enforcement Immigration Enforcement Agent</u>.

23        Enforcement Agent Cortes will testify as the taking of the defendant's fingerprint on the

24   August 27, 2003 Warrant of Removal/Deportation and his witnessing the defendant's August 29,

25   2003 departure.

26

27

28

UNITED STATES' PRETRIAL CONFERENCE STATEMENT, CR 07-0309 WHA

17. <u>Kenneth Woods, Department of Homeland Security, Forensic Document Laboratory, Fingerprint Examiner</u>.

Forensic Document Examiner Woods will testify as an Expert Witness as disclosed in the United States' Expert Witness Disclosure.

## V.  EXHIBIT LIST

The United States reserves the right to add, omit, or modify its exhibits prior to trial, and will provide an updated exhibit list prior to trial.  Presently, the United States intends to introduce the following exhibits during its case-in-chief:

1. December 3, 1997 Order of the Immigration Judge, Ordering Removal to Mexico [SMOG216];

2. December 3, 1997 Recording of Deportation Proceedings[SMOG645 (CD-ROM)];

3. Certified Record of Authenticity of Record of Deportation Proceedings dated June 8, 2007 [SMOG 642];

4. December 3, 1997 Warrant of Removal / Deportation, Form I-205 (with Departure date of December 3, 1997 ) [SMOG 213-214];

5. December 19, 1997  Record of Sworn Statement of Jose Jesus Madrigal-Diaz in Affidavit Form [SMOG228];

6. February 13, 1998 Warrant of Removal / Deportation, Form I-205 (with Departure date of February 15, 1998) [SMOG206-207];

7. June 30, 1999 Record of Sworn Statement of Jose Jesus Madrigal-Diaz [SMOG202-205];

8. June 30, 1999 Warrant of Removal / Deportation, Form I-205 (with Departure date of September 7, 1999) [SMOG198-199];

9. September 14, 1999 Record of Sworn Statement of Jose Jesus Madrigal-Diaz in Affidavit Form [SMOG185];

10. December 16, 1999 Warrant of Removal / Deportation, Form I-205 (with Departure date of December 17, 1999) [SMOG190-191];

11.    December 23, 1999 Record of Sworn Statement of Jose Jesus Madrigal-Diaz  in Affidavit Form [SMOG 179];

12.    April 24, 2000 Warrant of Removal / Deportation, Form I-205 (with Departure date of April 25, 2000) [SMOG186-187];

13.    February 27, 2001 Record of Sworn Statement of Jose Jesus Madrigal-Diaz [SMOG169-170];

14.    February 27, 2001 Warrant of Removal / Deportation, Form I-205 (with Departure date of February 28, 2001) [SMOG165-166];

15.    August 8, 2001 Record of Sworn Statement of Jose Jesus Madrigal-Diaz [SMOG 160-163];

16.    August 23, 2003 Record of Sworn Statement of Jose Jesus Madrigal-Diaz [SMOG151-154];

17.    August 27, 2003 Warrant of Removal / Deportation, Form I-205 (with Departure date of August 29, 2003) [SMOG145-146];

18.    Certified Certificate of Non-Existence of Record dated August 23, 2007;

19.    Certificate of Non-Existence of Record dated May 16, 2007 [SMOG 0641];

20.    Fingerprint card bearing fingerprint impressions and the name Madrigal-Diaz, Jose Jesus, dated April 23, 2007;

21.    Fingerprint card bearing fingerprint impressions and the name Madrigal-Diaz, Jose Jesus, dated  June 30, 1999;

22.    Fingerprint card bearing fingerprint impressions and the name Madrigal-Diaz, Jose Jesus, dated  September 7, 1999;

23.    Fingerprint card bearing fingerprint impressions and the name Madrigal-Diaz, Jose Jesus, dated February 27, 2001;

24.    Fingerprint card bearing fingerprint impressions and the name Madrigal-Diaz, Jose Jesus, dated  August 8, 2001;

25.    Final Disposition Report for Madrigal-Diaz, dated September 14, 1999;

26.    Statement of Rights signed by Santiago Torrez Peralez, dated April 20, 2007 [SMUG-108];

27.    Physical Evidence found on Jose Jesus Madrigal-Diaz on April 20, 2007 [pictured at SMUG109-119];

28.    Certified Judgment of Conviction of December 19, 1997 for Violation of Title 8, United States Code, Section 1325, United States District Court, District of Arizona, United States vs. Jose Jesus Madrigal-Diaz, CR97-2052 [SMOG0597-599];

29.    Certified Judgment of Conviction of September 15, 1999 for Violation of Title 8, United States Code, Section 1325, United States District Court, Southern District of California, United States vs. Jose Jesus Madrigal-Diaz, No. 99-2137M [SMOG0475-477];

30.    Certified Judgment of Conviction of December 24, 1999 for Violation of Title 8, United States Code, Section 1325, United States District Court, District of Arizona, United States vs. Jose Jesus Madrigal-Diaz, CR99-2567M [SMOG 480-482];

31.    Certified Judgment of Conviction dated May 25, 1999 for Providing False Identification to a Peace Officer

32.    Certified Judgment of Conviction dated  February 2, 2001 , Fresno Superior Court, People v. Jose Jesus Madrigal-Diaz [SMOG447-448];

33.    Certified Judgment of Conviction dated November 12, 2002, Tulare County, People v. Jesus Madrigal, [regarding conviction shown in SMOG139-155];

34.    Certified Judgment of Conviction dated  January 14, 2002, Fresno Superior Court, People v. Raul Sanches a/k/a Jose Jesus Madrigal-Diaz [SMOG254-255]


The United States reserves the right to redact certain portions of the above-exhibits relating to the defendant's background, family circumstances, prior residencies, and reasons for entry into the United States, subject to the Court's rulings on its Motions in Limine.  The United States further requests that the defendant examine the United States' exhibits before trial to expedite proceedings. The United States further requests an opportunity to examine the defendants' exhibits before trial.

# VI.  OTHER LEGAL ISSUES

On September 10, 2007, in accordance with the Court's Scheduling Order and Local Rule 17.1-1, the United States submitted an omnibus Motion-in-Limine.  By this Motion, the United States seeks to:

(A) Admit Defendant's Prior Statements to Immigration Officials;

(B) Admit Illegal Entry Convictions as Proof of Alienage;

(C) Admit Prior Convictions for Impeachment Purposes;

(D) Admit A-file Documents as Self-authenticating Public Records;

(E) Admit the Certificate of Non-existence as the Absence of a Public Record;

(F) Admit Expert Testimony from a Fingerprint Examiner;

(G) Prohibit Collateral Attack on Prior Removals and Deportations;

(H) Prohibit Reference to Defendant's Background and Prior Residency;

(I) Prohibit Reference to the Reason Defendant Reentered or Was in the United States; and

(J) Prohibit Reference to Potential Penalty.

On September 19, 2007, defense counsel advised the United States that he intends to file a general objection to each Motion in Limine.  Also on September 19, 2007, the defendant filed a response objecting to each Motion in Limine.  Defense has not filed any Motions in Limine.

# VII.  PROPOSED VOIR DIRE

The United States respectfully reserves the right to add, omit, substitute, or change its proposed voir dire questions.  Presently, the United States proposes the following:

1.    Does everyone understand that as a juror your duty is to apply the law regardless of whether you disagree with it?

2.    Does everyone understand that as a juror you are not to consider prejudice, pity, or sympathy in deciding whether the Defendant is guilty or not guilty?

UNITED STATES' PRETRIAL CONFERENCE STATEMENT, CR 07-0309 WHA

3.     Does anyone think that, regardless of the strength of the evidence, they will have trouble deciding whether the Defendant is guilty or not guilty?

4.     Does anyone think they cannot decide whether a person is guilty or not guilty?

5.     Does anyone have religious or moral beliefs which will make it difficult for them to make a decision strictly based on the law and facts of this case?

6.     Does anyone believe that they cannot sit in judgment of another person, and that only a higher power can do so?

7.     Has anyone had any disputes with any agency of the United States Government?

8.     Have you or any of your family members or acquaintances ever had an unpleasant experience with any law enforcement personnel or immigration authorities?

9.     Have you or any of your family members or acquaintances ever been investigated or arrested or accused or charged with a crime?

10.    Did you or any of your family members or acquaintances first hold citizenship of another country and thereafter become a United States citizen?

11.    Have you or any of your family members or acquaintances ever had any experience with the Immigration and Customs Enforcement or Immigration and Naturalization Service that would influence your ability to sit as a fair and impartial juror in this matter?

12.    Do you have any personal objection to the laws of the United States that require aliens seeking admission to the United States to register and request permission to enter before being granted admission?

13.    Is there anything that you have read in newspapers, magazines, or viewed on television regarding immigration issues that would influence your ability to sit as a fair and impartial juror in this case?

UNITED STATES' PRETRIAL CONFERENCE STATEMENT, CR 07-0309 WHA

1

VIII.  JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

2

       The United States will submit its proposed jury instructions and special verdict form under

3

separate cover on September 21, 2007, by 5:00 p.m. as per the Court's September 19, 2007 Order.

4

5

6

DATED: September 20, 2007               Respectfully Submitted,

7

8

                          SCOTT N. SCHOOLS
                          United States Attorney

9

10

                          _____/s/_____

11

                          DENISE MARIE BARTON
                          IOANA PETROU

12

                          Assistant United States Attorneys

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' PRETRIAL CONFERENCE STATEMENT, CR 07-0309 WHA

14