SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN STRETCH (CABN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

IOANA PETROU (CABN 170834)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    E-mail: denise.barton@usdoj.gov, ioana.petrou@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0309 WHA |
| Plaintiff, | **JOINT SUBMISSION OF PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM** |
| v. | Pre-Trial Conference Date: September 24, 2007<br>Time: 2:00 p.m. |
| JOSE JESUS MADRIGAL-DIAZ, | Trial Date: October 1, 2007<br>Time: 7:30 a.m. |
| Defendant. | |

Pursuant to the September 19, 2007 Order of the Court, the parties hereby submit the following Proposed Jury Instructions on substantive issues of law and Verdict Form.

The parties reserve the right to request such additional instructions as may become necessary from presentation of the evidence at trial or upon determination of the theory of the defense.

Respectfully Submitted,

SCOTT N. SCHOOLS
United States Attorney

DATED: September 21, 2007         ____/s/_____
DENISE MARIE BARTON
Assistant United States Attorney

DATED: September 21, 2007         ____/s/_____
JEFFRY M. GLENN
Attorney for JOSE JESUS MADRIGAL-DIAZ

**STIPULATED INSTRUCTION NO. 1 RE**

**ALIEN – DEPORTED ALIEN FOUND IN UNITED STATES**[1]

The defendant is charged in Count 1 of the Indictment with being an alien who, after deportation, was found in the United States in violation of Section 1326(a) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was deported from the United States;

Second, after deportation, the defendant voluntarily entered the United States;

Third, after the defendant entered the United States, he knew that he was in the United States and knowingly remained;

Fourth, the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

Fifth, the defendant was an alien at the time of the defendant's entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

---

[1] Ninth Circuit Model Criminal Jury Instruction, 9.5B Alien–Deported Alien Found in United States (8 U.S.C. § 1326(a)), (Modified 1/2007).

**Comment**

*See* Comment to Instruction 9.5 (Alien—Deported Alien Who Reenters United States Without Consent to Reapply for Admission) (inserted below)

In *United States. v. Salazar-Gonzalez*, 458 F.3d 851, 856 (9th Cir. 2006), the court clarified "an area of confusion in our § 1326 jurisprudence" by holding "that for a defendant to be convicted of a Section 1326 "found in" offense, the government must prove beyond a reasonable doubt that he entered voluntarily and had knowledge he was committing the underlying act that made his conduct illegal – entering or remaining in the United States.

If the defendant raises the defense that he or she is a national, the court may wish to define the term "national" as: "[A] person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22)(B).

**Comment to Instruction 9.5 (Alien—Deported Alien Who Reenters United States Without Consent to Reapply for Admission)**

The jury should be instructed that in order for a deported alien to be found guilty of illegal re-entry into the United States, the entry must be voluntary and knowing. See *United States v. Salazar-Gonzalez*, 458 F.3d 851, 856-58 (9th Cir. 2006) (clarifying "an area of confusion in our § 1326 jurisprudence"). Although Salazar-Gonzalez dealt with a prosecution for a deported alien "found in" the United States, the decision clearly applies to a case where the charge is illegal re-entry into the United States by a deported alien. See Instruction 9.5B (Alien–Deported Alien Found in United States).

"Section 1326 sets forth three separate offenses for a deported alien: to `enter,' to `attempt to enter,' and to be `found in' the United States without permission." *United States v. Parga-Rosas*, 238 F.3d 1209, 1213 (9th Cir. 2001) (indictment charging "found in" United States, without reference to unlawful entry, was adequate on facts presented to charge violation of section 1326 for being found in the United States).

If the defendant raises the defense that he or she is a national, the court may wish to define the term national as: "[A] person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22)(B).

This instruction was revised subsequent to the opinion in *United States v. Cervantes-Flores*, 421 F.3d 825 (9th Cir. 2005) (per curiam). It should be noted that although 8 U.S.C. § 1326(a) provides that the statute is violated by an alien who "enters, attempts to enter, or is at any time found in, the United States, unless . . . prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented" to the alien's reapplying for admission, it is common for the charging indictment in such prosecutions to refer to the lack of consent by the Secretary of the Department of Homeland Security.

"Because the lawfulness of the prior deportation is not an element of the offense under § 1326, [defendant is] not entitled to have the issue determined by a jury." *United States v. Alvarado-Delgado*, 98 F.3d 492, 493 (9th Cir.1996) (en banc) (overruling *United States v. Ibarra*, 3 F.3d 1333, 1334 (9th Cir. 1993), *cert. denied*, 510 U.S. 1205 (1994)), *cert. denied*, 519 U.S. 1155 (1997). *See also United States v. Lara-Aceves*, 183 F.3d 1007, 1010 (9th Cir. 1999); *United States v. Medina*, 236 F.3d 1028 (9th Cir. 2001) ("With regard to the element of prior deportation, the government merely needs to prove that a deportation proceeding actually occurred with the end result of [the defendant] being deported," holding that a deportation order or warrant is sufficient to establish deportation and rejecting defendant's claim that the government was required to produce a tape recording or transcript as proof of prior deportation).

Although the crime of reentry of deported alien is a general intent crime, the crime of attempted reentry of deported alien requires proof of specific intent. *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1190 (9th Cir. 2000) (en banc).

An alien has not reentered the United States for purposes of the crime of reentry of deported alien "until he or she is physically present in the country and free from official restraint." *Gracidas-Ulibarry*, 231 F.3d at 1191 n.3 (citing *United States v. Pacheco-Medina*, 212 F.3d 1162, 1166 (9th Cir. 2000)). The reasoning of Gracidas-Ulibarry and Pacheco-Medina applies to prosecutions for being an alien found in the United States after deportation in violation of 8 U.S.C. 1326(a). *See United States v. Ruiz-Lopez*, 234 F.3d 445, 448 (9th Cir. 2000) (proof that border patrol encountered the defendant at the port of entry does not constitute adequate proof that the defendant was found in the United States free from official restraint). *See also United States v. Vela-Robles*, 397 F.3d 786, 789 (9th Cir. 2005) (official restraint defense is not available where person triggers a seismic sensor, causing agents' response and capture).

In an appropriate case, the court might consider instructing the jury on the defense of constant official restraint as follows:

### THEORY OF DEFENSE

In this case when deciding whether the defendant is guilty or not guilty of the crime of being a deported alien found in the United States, the government must prove beyond a reasonable doubt that the defendant was not under constant official restraint when [he] [she] entered the United States. If the defendant was under constant official restraint, [he] [she] cannot be found guilty of being found in the United States.

"Under constant official restraint" means the defendant was under constant, continuous observation by a United States officer, or under constant, continuous camera surveillance, from the moment [he] [she] first crossed the border and entered the territory of the United States up until the time of [his] [her] apprehension. If the individual was first observed after [he] [she] had physically crossed the border of the United States, then [he] [she] is not under constant official restraint.

**PROPOSED INSTRUCTION NO. 2 RE VOLUNTARINESS**

**OFFERED BY THE UNITED STATES**

You have heard that as an element of the crime of Illegal Reentry After Deportation, the government must prove beyond a reasonable doubt that the defendant voluntarily entered the United States.[2] You may infer that the defendant voluntarily entered the United States if you determine that the government proved that the defendant was found at a location other than a border of the United States.[3]

---

[2] Ninth Circuit Model Criminal Jury Instruction, 9.5B Alien - Deported Alien Found in the United States (8 U.S.C. § 1326(a)).

[3] United States v. Bahena-Cardenas, 411 F.3d 1067, 1074 (9th Cir. 2005) (proving voluntariness of an aliens's entry from evidence of his presence in an area that does not share a border with Mexico is sufficient); United States v. Jimenez-Borja, 378 F3d 853, 858 (9th Cir. 2004) (when an alien is found well within the United States, away from the border, his entry and presence are presumed to be voluntary); United States v. Quintana-Torres, 224 F.3d 1157, 1158 (9th Cir. 2000) ("juror may well infer that the alien had the intention to be here when the alien is discovered at any location in the country other than the border").

JOINT SUBMISSION OF PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM, CR 07-0309 WHA

6

**RESPONSE TO PROPOSED INSTRUCTION NO. 2 RE VOLUNTARINESS**

No instruction should be given.  The defendant does not believe it is necessary.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-0309 WHA |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **VERDICT FORM** |
| JOSE JESUS MADRIGAL-DIAZ, | ) | |
| Defendant. | ) | |
| _____ | ) | |

We the Jury, find the defendant, JOSE JESUS MADRIGAL-DIAZ,

_____      GUILTY

_____      NOT GUILTY

of the crime of Illegal Reentry After Deportation in violation of Title 8, United States Code, Section 1326, as charged in Count I of the Indictment.

_____
FOREPERSON

DATED: October ___, 2007

JOINT SUBMISSION OF PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM,
CR 07-0309 WHA

8