SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN STRETCH (CABN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

IOANA PETROU (CABN 170834)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    E-mail: denise.barton@usdoj.gov, ioana.petrou@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE JESUS MADRIGAL-DIAZ, <br><br> Defendant. | No. CR 07-0309 WHA <br><br> **UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF DISPUTED JURY INSTRUCTION NO. 2** <br><br> Pre-Trial Conference Date: September 24, 2007 <br> Time: 2:00 p.m. <br><br> Trial Date: October 1, 2007 <br> Time: 7:30 a.m. |

The UNITED STATES OF AMERICA, through its counsel Scott N. Schools, United States Attorney, and Denise Marie Barton and Ioana Petrou, Assistant United States Attorneys, files this Memorandum.

I.     PROCEDURAL HISTORY

On May 17, 2007, a federal grand jury returned a Indictment charging defendant with Illegal Reentry by an Alien After Deportation, in violation of Title 8, United States Code, Section 1326. The defendant was arraigned on the Indictment and pled not guilty on May 24, 2007.

UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF DISPUTED JURY INSTRUCTION NO. 2, CR 07-0309 WHA

1

## II. STATEMENT OF PERTINENT FACTS

On April 20, 2007, the defendant was "found in" Santa Rosa, Sonoma County, California. Sonoma County Sheriff's Department Deputies encountered the defendant and several other Hispanic males in a white cargo van while effecting a traffic stop. Suspecting that the males were illegal aliens, the Sonoma County Sheriff's Department contacted Immigration and Customs Enforcement, who then commenced an investigation.

## III. PROPOSED INSTRUCTION NO. 2 RE VOLUNTARINESS

Per Order of this Court, the parties jointly submitted jury instruction on substantive issues of law. The parties jointly submitted *Stipulated Instruction No. 1 Re Deported Alien Found in the United States* from the Ninth Circuit Model Criminal Jury Instruction 9.5B which states:

> The defendant is charged in Count 1 of the Indictment with being an alien who, after deportation, was found in the United States in violation of Section 1326(a) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant was deported from the United States;
>
> Second, after deportation, the defendant voluntarily entered the United States;
>
> Third, after the defendant entered the United States, he knew that he was in the United States and knowingly remained;
>
> Fourth, the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and
>
> Fifth, the defendant was an alien at the time of the defendant's entry into the United States.
>
> An alien is a person who is not a natural-born or naturalized citizen of the United States.

The United States proposed the following instruction on Voluntariness, *Proposed Instruction No. 2 Re Voluntariness*:

> You have heard that as an element of the crime of Illegal Reentry After Deportation, the government must prove beyond a reasonable doubt that

    the defendant voluntarily entered the United States.[1/]  You may infer that the defendant voluntarily entered the United States if you determine that the government proved that the defendant was found at a location other than a border of the United States.

The defendant objects to this instruction.  The second element of Illegal Reentry After Deportation, the charged crime, requires the United States to prove that "after deportation, the defendant voluntarily entered the United States."  As discussed in the *Comment to the Ninth Circuit Model Criminal Jury Instruction*, 9.5B, the Ninth Circuit has recently clarified an "area of confusion in [ ] Section 1326 jurisprudence."  Now, in proving a Section 1326 violation, the United States must prove that the defendant "voluntarily entered" the United States.  Following this clarification, the Ninth Circuit Model Criminal Instructions for Section 1326 violations were modified to explicitly include this requirement.

    The means by which an entry is voluntary or not voluntary may likely be an area of confusion for the jury that requires further explanation. The United States believe that it is appropriate to instruct the jury on the manner in which this element can be proven, in accordance with Ninth Circuit law, to alleviate any juror confusion.  Here, the United States will offer evidence that the defendant was "found" on April 20, 2007 in Santa Rosa, Sonoma County, California, well-away from any border of the United States.  This proposed instruction does not relieve the United States of its obligation to prove that the alien's entry was voluntary.  It simply assists and instructs the jury of one of the means by which this element may be proven, and clarifies any confusion over the concept of "voluntary" entry.

---

[1/] Ninth Circuit Model Criminal Jury Instruction, 9.5B Alien - Deported Alien Found in the United States (8 U.S.C. § 1326(a)).

UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF DISPUTED JURY INSTRUCTION NO. 2, CR 07-0309 WHA

IV. <u>CONCLUSION</u>

For the foregoing reasons, the United States requests that the Court instruct the jury with Proposed Instruction No. 2, or a form thereof.

DATED: September 21, 2007                    Respectfully Submitted,

SCOTT N. SCHOOLS
United States Attorney

_____/s/_____
DENISE MARIE BARTON
IOANA PETROU
Assistant United States Attorneys