IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JESUS MADRIGAL-DIAZ,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>                                              / | No. CR 07-0309 WHA<br><br>**ORDER REGARDING SEALING, SETTING EVIDENTIARY HEARING, AND REFERRING PETITIONER FOR APPOINTMENT OF COUNSEL FOR A LIMITED PURPOSE** |

In this Section 2255 proceeding, the parties were ordered to show cause why docket entries 66 through 68 and 71 through 82 should not be unsealed (Dkt. No. 84). The government responded that it has no objection to the unsealing of these docket entries; petitioner did not respond by the deadline of December 22, or at any time since then. This order finds that there is no reason to keep these filings under seal. Therefore, the Clerk shall unseal docket entries 66 through 68 and 71 through 82. Petitioner's reply brief shall also be filed publicly, and the filing shall be dated December 6, 2010; petitioner's motion to file this brief under seal is denied.

District courts "shall" hold evidentiary hearings on Section 2255 petitions "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. 2255. The court may decline to hold a hearing if the petitioner's allegations, "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985) (citations omitted). To earn the right to a hearing, the petitioner must allege

specific facts which, if true, would entitle him to relief. *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

This order finds that an evidentiary hearing is necessary to resolve the pending Section 2255 petition. Specifically, there are conflicts in the statements made under oath that must be resolved. Petitioner states via declaration: "[A]ttorney Glenn . . . [insisted that in exchange for pleading guilty] I would receive a sentence of no more than two-years [sic] in prison" (Dkt. No. 72 Exh. E), and "Mr. Glenn explained and assured me that . . . under the United States Sentencing Guidelines they would preclude or prohibit a sentence greater than two-years [sic]" (*ibid*). Petitioner's sister, Ms. Bertha Madrigal, states via declaration: "[Attorney Glenn] told me that if my brother would plead guilty he would not get any more than two years in prison. . . . [I convinced him to plead guilty] based upon [Attorney Glenn's] estimate of the time that my brother would serve in prison" (*id.* at Exh. B). Attorney Jeffry Glenn states via declaration: "At no time did I tell my client, nor anyone in his family, that he would receive no worse than a 2 year sentence if he pled guilty" (Dkt. No. 75 Exh. 6), and "I never told Mr. Madrigal-Diaz that the Guidelines would preclude or prohibit a sentence greater than two years" (*id.* at Exh. 7). Petitioner, Ms. Bertha Madrigal, and Attorney Glenn should be prepared to testify at an evidentiary hearing. The Clerk shall notify Attorney Glenn of this order. The Clerk shall serve this order on Ms. Bertha Madrigal at 267 N. Lotas Street, Porterville, CA 93257.

To this end, counsel shall be appointed for petitioner for the limited purpose of assisting him at the evidentiary hearing. The Clerk shall send a copy of this order to the Criminal Justice Act Unit. To give new counsel time to prepare, the evidentiary hearing will be held on **FEBRUARY 16, 2011, AT 9:00 A.M.**

**IT IS SO ORDERED.**

Dated: December 27, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2